UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20004-Civ-COOKE/BANDSTRA

WILLIAM RAKIP, *et al.*,

    Plaintiffs

vs.

PARADISE AWNINGS CORPORATION, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

THIS CASE is before me on the Defendants' Motion for Summary Judgment and the Plaintiffs' Motion for Partial Summary Judgment, as well as various other related motions that are all addressed through this Order. I have reviewed the motions, the arguments of the Parties, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendants' Motion for Summary Judgment is denied, and the Plaintiffs' Motion for Summary Judgment is granted in part and denied in part.

### I. BACKGROUND

This lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"), to recover allegedly unpaid overtime wages for Plaintiffs, William Rakip and Cesar Jeronimo. There is also a claim for a minimum wage violation by Mr. Rakip, because the Defendants allegedly did not pay him for the last two weeks of his employment. The Defendants, Paradise Awnings Corporation, and its two owners, Manuel Alcibar, and Juan Chaviano, have filed a counterclaim against Mr. Rakip for civil theft stemming from an allegedly unpaid loan.

## II. LEGAL STANDARDS

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

### III. ANALYSIS

**A.    There Is Insufficient Evidence To Approve The Settlement Agreement Between Plaintiff William Rakip and The Defendants.**

A settlement agreement reached between an employee and employer to resolve a claim brought under the FLSA must be scrutinized by a court for fairness before being approved by the court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Defendants argue that Mr. Rakip has already settled his claims against them, and ask me to approve the settlement agreement. Throughout the record the Defendants refer to this settlement being for $7000.00, however, the settlement agreement reads that the settlement amount is $100.00. (Severance Agreement & Release, ECF No. 55-6). The Defendants do not explain this discrepancy.

The language of the settlement agreement clearly encompasses claims under the FLSA. (*Id.* at ¶ 4 ("This Severance Agreement and Release specifically includes . . . claims arising under the . . . Fair Labor Standards Act."). Additionally, it appears undisputed that Mr. Rakip knowingly and willingly signed and agreement, with the advice of counsel. (Rakip Dep. 272:4 – 273:2, July 23, 2010, ECF No. 55-4). Despite these facts, I cannot approve the settlement agreement until the discrepancy is clarified regarding the purported $7000.00 that was paid to Mr. Rakip and the language of the agreement that reads that Mr. Rakip's settlement amount was $100.00.

B.  **There Is Insufficient Legal Authority Cited to Justify Granting Summary Judgment Against Mr. Jeronimo For Allegedly Unlawfully Receiving Both Unemployment Benefits and Workers' Compensation.**

The Defendants argue that because Mr. Jeronimo allegedly received both workers' compensation and unemployment benefits in violation of Florida law, that summary judgment should be granted against him. (Defs.' Mot. for Summ. J. 2-3, ECF No. 53). The Defendants fail to cite any legal authority for the proposition that an individual who is allegedly in violation of Florida Statute Section 440.15(10) is foreclosed from prevailing on an FLSA claim.

"The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan,* 714 F.2d 171, 177 (D.C. Cir. 1983). When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased. "[T]he onus is upon the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995). Generally, a "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Medical Center,* 244 F.3d 790, 800 (10th Cir. 2001) (internal quotation omitted). The Defendants motion for summary judgment on this issue is denied.

C.  **Paradise Awnings Falls Under The Enterprise Coverage Section of The FLSA.**

"An employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross

4

volume of sales made or business done.'"[1] *Polycarpe v. E&S Landscaping Svcs.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)).[2]  Goods or materials that have traveled in interstate commerce do not lose their interstate quality by coming to rest within a state before an intrastate purchase by a business. *Id.* at 1221.

The Plaintiffs have presented several affidavits establishing that Paradise Awnings utilized goods or materials that have been moved, in or produced for, commerce. (Fernandez Aff., ECF No. 57-1 (regarding materials purchased from Florida Tube Corporation), Pereira Aff., ECF No. 57-2 (regarding materials purchased from Florida Tube Corporation), Fisher Aff., ECF No. 57-5 (regarding materials purchased from Tri Vantage LLC)). In challenging this evidence, the Defendants have presented affidavits that focus solely on the actions of the Plaintiffs' counsel in obtaining these affidavits, however, the Defendants do not challenge the substance of the testimony. (*See, e.g.,* Fernandez Decl., ECF No. 153-1, Fisher Decl., ECF No. 153-2).

The Defendants only post-*Polycarpe* argument regarding the enterprise liability issue is that the Plaintiffs have failed to prove two or more employees regularly and recurrently used the interstate materials. (Defs.' Reply 7, ECF No. 109). Manuel Alcibar has admitted, however, that Paradise Awnings regularly uses the materials purchased from Florida Tube Corporation and Tri-Vantage LLC in the course of its business. (Alcibar Dep. 32:21 – 36:17, ECF No. 41-1). Through the affidavits of Paradise Awnings' suppliers, and the testimony of Mr. Alcibar, the Plaintiffs have presented evidence that Paradise Awnings has employees handling, or otherwise

---

[1] As to the second prong, the Defendants have conceded that Paradise Awnings had at least $500,000 in annual gross income for the years in question. (Defs.' Resp. in Opp'n to Pls.' Stmt of Undisputed Facts ¶ 1, ECF No. 89; *see also* Alcibar Dep. 32:12-19, July 21, 2010, ECF No. 41-1).

[2] The Eleventh Circuit Court of Appeals handed down the *Polycarpe* opinion on August 31, 2010, after both Parties had moved for summary judgment. Since the *Polycarpe* decision clarified a hotly disputed issue in this area of the law, many of the arguments Defendants' asserted are no longer valid.

working on goods or materials that have been moved in or produced for commerce by any person. The Defendants have failed to submit any evidence to refute this fact. There is no genuine issue of material fact that Paradise Awnings falls under the enterprise coverage section of the FLSA. The Plaintiffs motion for summary judgment on this issue is granted. Relatedly, as the Defendants admit, the individual Defendants' liability is derivative to that of the Corporate Defendant's liability. The Defendants have made no argument that the individual Defendants are not liable so long as the Corporate Defendant is found liable.

As an independent basis for applying coverage under the FLSA, I also find that no genuine issue of material fact exists that individual coverage applies as to Mr. Rakip based on the work he performed for Paradise Awnings at Miami International Airport and the Port of Miami. *Compare* 29 C.F.R. § 776.23(c) *with* Alcibar Dep. 52:5-18, 64:14-20, ECF No. 41-1.

**D.** **There Is a Genuine Issue of Material Fact as To Whether The Plaintiffs Fall Within The Executive-Capacity Exception To The FLSA.**

Congress provided an exception from the minimum wage and maximum hour requirements of the FLSA for individuals who are "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

> The term 'employee employed in a bona fide executive capacity' . . . shall mean any employee: (1) Compensated on a salary basis at a rate of not less than $455 per week . . . , exclusive of board, lodging or other facilities; (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) Who customarily and regularly directs the work of two or more other employees; and (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100.

The Defendants argue that the Plaintiffs fall within the FLSA's executive-capacity exception because they were salaried managers, held themselves out to be managers, earned

6

managerial efficiency bonuses, supervised, delegated work, trained subordinates, received a higher salary than the individuals they supervised, attended manager's meetings, and because their primary value to Paradise Awnings was their management skills. (Defs.' Mot. for Summ. J. 8-9, ECF No. 53). The Plaintiffs argue that they do not fall within the FLSA's executive-capacity exception because, even though they lead other employees, their primary duty was the manual labor, *i.e.*, the manufacturing and installation of awnings, that they performed along side the other employees in their crews. (Resp. to Defs.' Mot. for Summ. J. 5-7, ECF No. 84).

Both Parties cite to multiple deposition excerpts and sworn statements to support their opposing arguments on this issue. In reviewing all of the evidence, I find that there is a genuine issue of material fact as to whether the Plaintiffs fall within the FLSA's executive-capacity exception. The Defendants motion for summary judgment on this issue is denied.

### E. There Is a Genuine Issue of Material Fact as To Whether Mr. Rikip Is Liable For Civil Theft.

Under Florida law, "[a] person commits [civil] theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another, with intent to, either temporarily or permanently: [d]eprive the other person of a right to the property or a benefit from the property, [or] [a]ppropriate the property to his or her own use or to the use of any person not entitled to the use of the property." *Compare* Fla. Stat. § 812.014(1) (2009) *with* Fla. Stat. § 772.11(1) (2009). "Florida law does not bar a civil theft claim simply because a contractual relationship is involved . . . [h]owever, where a contractual relationship exists, the alleged loss which results from the theft, must be separate and distinct from any loss alleged to have resulted from the breach of contract." *Colonial Penn Ins. Co. v. Value Rent-A-Car, Inc.*, 814 F. Supp. 1084, 1098 (S.D. Fla. 1992).

The Defendants argue that Mr. Rakip "has admitted that he knowingly stole numerous private documents without the consent of the Defendants with the intention of using them for his own benefit." (Defs.' Mot. for Summ. J. 20, ECF No. 53; *compare* Defs.' Stmt of Undisputed Facts ¶ 25, ECF No. 55 *with* Pls.' Resp. to Defs.' Stmt of Undisputed Facts ¶ 25, ECF No. 83). The Defendants also argue that Mr. Rakip "admitted that the Defendants loaned him $3,500 which he failed to pay back, and which he utilized for his own benefit." (Defs.' Mot. for Summ. J. 20, ECF No. 53).

Regarding the private documents, the Defendants counterclaim does not allege any facts with respect to Mr. Rakip taking any private documents. (*See Countercl.* 7-9, ECF No. 36). The Defendants have no existing claim against Mr. Rakip that involves him taking the private documents. Summary judgment would be inappropriate on a non-existent claim.

Regarding the $3,500 loan, it is undisputed that the money was willingly loaned from the Defendants to Mr. Rakip. (Defs.' Stmt of Undisputed Facts ¶ 26, ECF No. 55). Additionally, the Defendants have admitted that Mr. Rakip has proclaimed his intention to repay the loan. (*Id.*). There is a genuine issue for trial as to whether Mr. Rakip is liable for the Defendants civil theft counterclaim.

Mr. Rakip argues that summary judgment should be granted in his favor because the damages alleged are not separate and distinct from a breach of contract action. (Pls.' Mot. for Summ. J. 4, ECF No. 54). The Defendants respond that there is no evidence establishing that a contract existed between the Parties, and granting summary judgment in favor of Mr. Rakip on this issue would be improper. The Defendants are correct; there is a genuine issue of material fact over whether a contract exists regarding the loan. I also reject Mr. Rakip's arguments that the counterclaim was untimely filed, and that the Defendants' alleged failure to timely serve a pre-suit demand letter should result in a summary judgment in favor of Mr. Rakip.

    **F.**    <u>**There Is a Genuine Issue of Material Fact as To Whether The Plaintiffs' Can Meet Their Burden of Proving Their Damages.**</u>

An FLSA-plaintiff suing for unpaid overtime or minimum wages has the burden of proving that he or she performed the work for which he or she was allegedly not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds*. A plaintiff may satisfy this requirement by relying on the employer's records. *Id.* at 687. If an employer fails to maintain records of the plaintiff's wages and hours, as required by 29 U.S.C. 211(c), then the plaintiff may prove up his or her damages by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687. Once the plaintiff has made a sufficient showing, the burden shifts to the employer to produce evidence to negate "the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 688. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.*

The Defendants assert that summary judgment should be granted in their favor because the Plaintiffs cannot adequately prove their damages. (Defs.' Mot. for Summ. J. 16-17, ECF No. 53). The Plaintiffs respond, claiming that their damages calculations are based on the time and wage records maintained and produced by Paradise Awnings, and that where time entries were missing "the time for the missing entries was averaged." (Pls.' Resp. to Defs.' Stmt of Undisputed Facts ¶¶ 15-23, ECF No. 83). Based on a review of the record evidence, I find that there exists a genuine issue of material fact as to whether the Plaintiffs can establish that they performed the work for which they were allegedly not properly compensated. The Defendants motion for summary judgment on this issue is therefore denied.

### G.  There Is a Genuine Issue of Material Fact as To Whether The Defendants Actions Or Omissions Were Made in Good Faith.

An employer who violates the minimum wage or overtime provisions of the FLSA is liable for the unpaid wages and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A court may, "in its sound discretion, award no liquidated damages" if an employer shows that the "act or omission giving rise to [the FLSA violation] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. "The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 208).

Here, the Defendants have moved for summary judgment on the issue of their good faith reliance on the advice of counsel. (Defs.' Mot. for Summ. J. 19-20, ECF No. 53). The Defendants main argument on this point, is that the "Plaintiffs could not dispute the fact that the Defendants sought and received legal advice confirming that the way they were paying the Plaintiffs was indeed proper under the law." (*Id.* at 20). The Plaintiffs counter, asserting that merely receiving advice from counsel is not sufficient to carry the burden of establishing the good faith exception to the imposition of liquidate damages. (Resp. to Defs.' Mot. for Summ. J. 10-11, ECF No. 84).

There is insufficient evidence for me to make a determination that the Defendants acted in good faith, both subjectively and objectively, in relying on the advice of counsel. The Defendants cite to two portions of the record on this issue. First is a declaration from Mr. Alcibar that simply states that Paradise Awnings received legal advice about whether it was properly paying the Plaintiffs, and that the advice was that the Plaintiffs were exempt from the FLSA. (Alcibar Decl. ¶ 9, ECF No. 55-2). Second, is an except of Mr. Alcibar's deposition

where he indicates that he consulted with an attorney, but that he could not remember the name of the attorney. (Alcibar Dep. 37:19 – 38:7, ECF No. 55-1).

This Court has recently explained,

> to reap the benefit of the good faith defense of § 260 based on the advice of counsel the defendant must honestly and truly seek the advice of counsel, counsel must give advice that is reasonable in a legal sense, and the defendant must act in strict conformity with that advice.

*Fuentes v. CAI Int'l, Inc.*, No. 09-21931, WL 2010 2949592, at *9 (S.D. Fla. July 26, 2010) (quoting *Townley v. Floyd & Beasley Transfer Co.*, No. 88-0907, 1989 WL 205342, at *4 (N.D. Ala. Dec. 8, 1989)). In order for me to make a determination as to whether Paradise Awnings' acts and omissions were in good faith, *i.e.*, that the Defendants had reasonable grounds for believing that its acts and omissions were not a violation of the FLSA, additional information must be presented. For example, "what advice was sought, what disclosures were made by the defendants to their counsel, whether the legal advice was reasonable, and whether the defendants strictly complied with the legal advice." *Id.* at *10. The Defendants motion for summary judgment is denied as to the issue of its good faith defense to the imposition of liquidated damages.

**H.     There Is a Genuine Issue of Material Fact as To Whether Mr. Rakip Settled His FLSA Claim With the Defendants, Thus Precluding Summary Judgment on His Minimum Wage Claim.**

Employers are required to pay employees covered by the FLSA an established minimum wage for hours worked. 29 U.S.C. § 206. An employer violates the FLSA if it reduces an employee's wages below the established minimum wage as a set-off in order to repay a debt owed by the employee to the employer. *See Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974).[3]

---

[3] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

11

"Set-offs . . . deprive the employee of the 'cash in hand' contemplated by the [FLSA], and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." *Id.*

Mr. Rakip claims that the Defendants wrongfully withheld his wages for the last two weeks that he worked for them, in order to partially repay a loan from them. (Pls.' Mot. for Summ. J. 6, ECF No. 54). The Defendants argue that as an initial matter, Mr. Rakip settled his FLSA claims against the Defendants and this issue is therefore moot. (Defs.' Mem. In Opp'n to Pls.' Mot. for Summ. J. 7, ECF No. 88).

Since I have already held that there is a genuine issue of material fact as to whether Mr. Rakip settled his FLSA claims against the Defendants, it is not appropriate to grant summary judgment in favor of Mr. Rakip as to this issue. Regarding the Defendants' argument that a set-off is be appropriate in this case, the case law relied on by the Defendants is not compelling; the Eleventh Circuit Court of Appeals opinion in *Heard* is controlling given the facts of this case. Although the Defendants' also argue that Mr. Rakip's wages never fell below the statutory minimum even taking into account the set-off, (*id.* at 8), the Defendants do not cite to any record evidence for this proposition.

## IV. CONCLUSION

In this case, both the Plaintiffs and Defendants have moved for summary judgment on multiple issues. For the reasons detailed in this Order, it is **ORDERED and ADJUDGED** as follows:

1. The Defendants' Motion for Summary Judgment (ECF No. 53) is **DENIED**.
2. The Plaintiffs' Motion for Partial Summary Judgment (ECF No. 54) is **GRANTED in part and DENIED in part**. The Plaintiffs' Motion for Partial Summary Judgment is

granted with respect to the issue of enterprise coverage and the individual Defendants' derivative liability, and is denied with respect to all other issues.

3. The following motions are **GRANTED**: the Defendants' Motion for Leave to File Supplement to Motion for Summary Judgment (ECF No. 121); the Defendants' Motion to Accept Defendants' Filings as Drafted (ECF No. 107); the Defendants' Motion for Leave to File Excess Pages to Defendants' Reply (ECF No. 105); the Defendants' Motion for 1-Page Extension to Defendants' Response (ECF No. 87); the Defendants' Motion for a One-Day Extension of Time to File Reply (ECF No. 102); and the Plaintiffs' Cross-Motion to Correct and Supplement Plaintiffs' Summary Judgment Motion (ECF No. 74).

4. The following motions are **DENIED**: the Plaintiffs' Motion to Strike Supplement as Untimely (ECF No. 97); the Defendants' Motion to Strike Certain Summary Judgment Materials Filed by Plaintiffs (ECF No. 68); and the Defendants' Motion for Involuntary Dismissal (ECF No. 56).

**DONE and ORDERED** in chambers, at Miami, Florida, this 3rd day of November 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*