# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 10-20004-CIV-COOKE/GOODMAN

WILLIAM RAKIP,

     Plaintiff/Counter-Defendant,

AND

CESAR JERONIMO,

     Plaintiff,

vs.

PARADISE AWNINGS
CORPORATION, et al.,

     Defendants/Counter-Plaintiffs.

_____/

## REPORT AND RECOMMENDATIONS ON

## DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO TAX COSTS

This Cause is before the Undersigned on the District Court's referral of Defendants/Counter-Plaintiffs' ("Defendants") Motion to Tax Costs. [ECF Nos. 244; 323; 349; 350].[1] Defendants request a $13,349.04 costs award. [ECF Nos. 244; 349; 350]. Having reviewed the motion and the pertinent portions of the record, the Undersigned respectfully recommends that the motion be **granted in part and denied in part**. For the

---

[1] Defendants were granted leave to file an *amended* motion to tax costs. [ECF No. 347]. They did not do that. Instead, they filed a *supplemental* bill of costs. [ECF Nos. 349; 350]. Rather than deny or strike the supplement for failure to follow instructions, thus prolonging this litigation, the Undersigned will add the supplemental bill of costs to the original bill of costs.

reasons outlined below, the Undersigned recommends a costs award of $11,925.03, which is $1,424.01 less than the requested amount.

## I.      BACKGROUND

Plaintiffs William Rakip ("Rakip") and Cesar Jeronimo ("Jeronimo") (collectively "Plaintiffs") filed this action alleging unpaid overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA"). [ECF No. 32]. Defendants answered and filed a counterclaim against Rakip for civil theft. [ECF No. 36].

The District Court initially denied Defendants' summary judgment motion on Rakip's FLSA claims. [ECF No. 188]. During trial, however, the District Court reconsidered its prior ruling and granted Defendants summary judgment on Rakip's FLSA claims. [ECF No. 250, pp. 113-15]. Near the end of the trial, the District Court allowed Defendants to conform their pleadings to the evidence and convert their civil theft counterclaim to a breach of contract counterclaim. [ECF No. 254, pp. 199-200].

The jury returned a verdict in Defendants' favor on both Jeronimo's remaining FLSA claim and Defendants' renamed breach of contract counterclaim against Rakip. The jury awarded Defendants $1,320.00 on their counterclaim. [ECF No. 233]. As such, on December 10, 2010, the District Court entered Final Judgment for Defendants on all claims, including their breach of contract counterclaim against Rakip. [ECF No. 236].

That same day (December 10, 2010), Plaintiffs moved to correct the Final Judgment because they contended they prevailed on Defendants' civil theft

counterclaim against Rakip because it was conformed to a breach of contract claim. [ECF No. 237]. Defendants opposed the requested relief. [ECF No. 238]. On December 21, 2010, the District Court entered an Amended Final Judgment. [ECF No. 240]. The Amended Final Judgment reflects that, while Defendants prevailed on all claims, including the breach of contract counterclaim, Rakip received judgment as a matter of law on Defendants' civil theft counterclaim. [ECF No. 240].

Both Defendants and Plaintiffs filed motions to amend the Amended Final Judgment. [ECF Nos. 241; 242]. On January 7, 2011, while these motions were pending, Plaintiffs and Defendants submitted respective motions to tax costs. [ECF Nos. 243; 244]. Plaintiffs submitted a response to Defendants' motion to tax costs on January 31, 2011. [ECF No. 255].

On November 30, 2011, the District Court granted in part and denied in part both Plaintiffs and Defendants' respective motions to amend the Amended Final Judgment. [ECF No. 287]. Shortly thereafter, the District Court entered a Second Amended Final Judgment. [ECF No. 300]. Rakip and Defendants then appealed, among other things, the District Court's order amending the Amended Final Judgment. [ECF Nos. 294; 302].

On appeal, the Eleventh Circuit Court of Appeals affirmed in part and reversed in part the District Court. [ECF No. 321]. In short, the appellate court ruled against Rakip and in favor of Defendants and **reinstated the original Final Judgment**. [*Id.*]. In accordance with the appellate court's opinion, the District Court then entered a Third

Amended Final Judgment on May 21, 2013. [ECF No. 325]. The Third Amended Final Judgment vacated the Amended Final Judgment and the Second Amended Final Judgment and reinstated the Final Judgment. [*Id.*].

Defendants then moved to lift the stay of this case pending the appeal [ECF No. 301] and to file an amended bill of costs. [ECF No. 322]. While that motion was pending, Rakip filed a suggestion of bankruptcy. [ECF No. 345].

On October 23, 2013, the Undersigned granted in part Defendants' motion and gave them leave to file an amended bill of costs. [ECF No. 347]. The Undersigned also ordered the parties to address the impact of Rakip's bankruptcy on Defendants' request for costs. Defendants did not file an amended bill of costs; rather, they filed a supplement to their original bill of costs. [ECF No. 349]. Plaintiffs have not filed a response to this supplemental bill of costs, and the time to do so has now passed

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." For purposes of Rule 54(d)(1), a "prevailing party" is a "party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (internal citation omitted).

28 U.S.C. § 1920 sets out the specific costs that may be awarded and states:

A judge or clerk of any court of the United States may tax as costs the following:

>   (1) Fees of the clerk and marshal;

>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

>   (3) Fees and disbursements for printing and witnesses;

>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

>   (5) Docket fees under section 1923 of this title;

>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). Nevertheless, despite this burden, a court is limited to taxing only those costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). Finally, the award of costs generally bears interest from the date of the original merits judgment. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994).

III.     **ANALYSIS**

Defendants are the prevailing parties as the District Court entered judgment for them. [ECF No. 325]. The Undersigned will now proceed to analyze each of Defendants' requested costs.

A. <u>**Service of Process**</u>

Defendants seek a total of $1,260.00 for service of process fees for 21 subpoenas [ECF No. 244, pp. 5-6]. Many of the subpoena invoices include a "rush" charge.

Plaintiffs raise the following arguments in opposition to Defendants' request: (1) Defendants are not entitled to recover for "rush" service of process fees; (2) Defendants should not be able to recover for subpoenas that resulted in the production of documents which served no relevant purpose; (3) Defendants are not entitled to costs for service at two addresses for subpoena subject Atlantic Awnings, when service on one address would have sufficed; (4) Defendants needlessly used a local process server for out-of-county service; and (5) Defendants are not entitled to be reimbursed for trial subpoenas for witnesses that did not testify. [ECF No. 255, pp. 2-3].

1.  *Legal Standard*

Service of process fees paid to private process servers are taxable so long as the amount does not exceed the amount charged by the U.S. Marshal's Service. *E.E.O.C.*, 213 F.3d at 624. At the time of Defendants' subpoenas, the Marshal's fee for service of

process was "$55 per hour (or portion thereof) . . . plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3)(2010).[2]

2. *Analysis*

i. Rush Fees

The Undersigned notes that the base non-rush rate for Defendants' service of process subpoenas was $35.00. [ECF No. 244-1, pp. 19-21]. This is less than the $55.00 U.S. Marshal's fee. However, many of Defendants' requested service of process fees contain what appears to be a $25.00 "rush" fee on top of the $35.00 base fee, resulting in a total fee of $60.00. Several courts have held that a "rush" fee for service of process is simply not compensable. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 650 (S.D. Fla. 2007) ("At least part of each charge is for a 'rush fee,' which is not compensable").[3] Other courts, however, have held that the prevailing party may recover such fees provided it sufficiently explains "why it was necessary to serve these subpoenas in an expedited fashion." *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *3 (S.D. Fla. May 4, 2012).[4]

---

[2]     The current rate is $65 per hour. 28 C.F.R. § 0.114(a)(3)(2013).

[3]     *See also Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1358 (S.D. Fla. 2008); *Martinez-Pinillos v. Air Flow Filters, Inc.*, No. 09-22453-CIV, 2010 WL 6121708, at *3 (S.D. Fla. Dec. 22, 2010), *report and recommendation adopted, Martinez-Pinillos v. Air Flow Filters, Inc.*, No. 09-22453-CIV, 2011 WL 918854 (S.D. Fla. Mar. 1, 2011).

[4]     *See also Woods v. Deangelo Marine Exhaust Inc.*, No. 08-81579-CIV, 2010 WL 4116571, at *3 (S.D. Fla. Sept. 27, 2010), *report and recommendation adopted, Woods v.*

Defendants' explanation that the rush charges are for travel and out-of-pocket expenses is belied by the invoices. First, the invoices specifically state "rush" on them (as compared to the non-rush invoices). Second, no "rush" invoice contains any breakdown of the travel and out-of-pocket expenses. Finally, it is simply not plausible that every charge for travel and out-of-pocket expenses would somehow equal exactly $25.00 for each subpoena. Accordingly, the Undersigned finds that Defendants have not sufficiently shown why it was necessary to serve the subpoenas at issue on a rush basis. Therefore, the Undersigned recommends that the District Court only award Defendants $35.00 per subpoena -- the regular non-rush rate for Defendants' subpoenas. *See Wish v. MSC Crociere S.A.*, No. 07-60980-CIV, 2009 WL 347793, at *1 (S.D. Fla. Feb. 11, 2009) (noting that Marshal's fee is awarded unless a lower cost was actually incurred).

ii.   Multiple Service Attempts on the Same Subpoena Subject

Several of Defendants' service of process invoices reflect that the process server made several attempts to serve the same subpoena subject. [*See, e.g.,* ECF No. 244-1, pp. 5, 15]. Plaintiffs challenge only one of these multiple service attempts. Specifically, Plaintiffs contend that Defendants are not entitled to recover for the duplicate costs of serving Atlantic Awnings at two addresses. [ECF No. 255, pp. 2-3]. The Undersigned agrees. Consequently, the Undersigned recommends that Defendants be entitled to recover only the cost of service of one subpoena on Atlantic Awnings.

*Deangelo Marine Exhaust, Inc.*, No. 08-81579-CIV, 2010 WL 4102939 (S.D. Fla. Oct. 18, 2010).

     iii.    <u>Subpoena Subjects Located Outside of South Florida</u>

Defendants used local process servers to serve two non-local subpoena subjects, SunTrust Bank (located in Orlando) and Catherine Santiago (also in Orlando). Defendants seek to recover $120.00 for SunTrust Bank and $75.00 for Catherine Santiago. [ECF No. 244-1, pp. 2, 9]. The Undersigned respectfully recommends that the awarded costs be reduced to $55.00, in accordance with the Marshals fee,[5] because Defendants have not explained why they had to use a South Florida process server to serve these non-South Florida subjects. *See Wish*, 2009 WL 347793, at *1.

     iv.    <u>Plaintiffs' Other Objections</u>

The Undersigned finds that Plaintiffs' other objections are without merit. As Defendants note, although not all of the subpoenaed documents were used at trial, some were. [ECF No. 261, pp. 4-5]. Moreover, while some of Defendants' subpoenaed witnesses did not testify, that was due to the evidence, or lack thereof, in Plaintiffs' case in chief.

    *3.  Conclusion*

The Undersigned respectfully recommends the following: (1) that the duplicative cost for serving Atlantic Awnings be denied; (2) that all "rush" fees be excluded from Defendants' requested service of process costs; and (3) that Defendants recover $35.00

---

[5]    The Undersigned is awarding Defendants the Marshal's fee for the non-local subpoena subjects because the record does not reflect that Defendants could have obtained the local $35.00 rate for these subjects.

in costs for serving South Florida subpoena subjects and $55.00 for serving non-South Florida subpoena subjects. Therefore, the Undersigned recommends that the District Court award Defendants $740.00, $520.00 less than the $1,260.00 sought.[6]

**B.  Witness Fees**

"A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance.'" *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996)

---

[6]      The Undersigned's recommended reduction is as follows:

| Person Served | Amount Sought | Amount Awarded |
|---|---|---|
| Golden Glass Design (RUSH) | $60.00 | $35.00 |
| SunTrust Bank (RUSH to Orlando, FL) | $120.00 | $55.00 |
| Universal Awnings (RUSH) | $60.00 | $35.00 |
| Miami Awnings (RUSH) | $60.00 | $35.00 |
| Atlantic Awnings (2 RUSH) | $120.00 | $35.00 |
| Aztec Awnings (RUSH) | $60.00 | $35.00 |
| Carolina Awnings (RUSH) | $60.00 | $35.00 |
| Chase BankCard Services (RUSH) | $60.00 | $35.00 |
| Catherine Santiago (RUSH to Orlando, FL) | $75.00 | $55.00 |
| Steven Scharf (RUSH) | $60.00 | $35.00 |
| Mary C. Diaz (RUSH) | $60.00 | $35.00 |
| Caesar Durand (3 RUSH) | $180.00 | $105.00 |
| Caesar Durand (3 RUSH) | $180.00 | $105.00 |
| Norma Davila | $35.00 | $35.00 |
| Wilder Vicente | $35.00 | $35.00 |
| Nicholas Pons | $35.00 | $35.00 |
| **Total** | **$1,260.00** | **$740.00** |

(quoting 28 U.S.C. § 1821(a)(1) & (b)). "Section 1920 of title 28 provides that '[a] judge or clerk of any court of the United States may tax as costs . . . fees and disbursements for printing and witnesses.'" *Id.* (quoting 28 U.S.C. § 1920(3)). These two statutes taken together provide that $40.00 is the maximum amount of compensation per witness. *Id.; James,* 242 F.R.D. at 651 (court limited recovery of witness fees to $40.00 per day); *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1371 (S.D. Fla. 2010).

Here, Defendants request witness fees for five witnesses at $45.00 per witness, for a total of $225.00. [ECF No. 244, pp. 5-6]. But Defendants are simply not entitled to more than $40.00 per day per witness. As a result, the Undersigned respectfully recommends that the District Court only grant Defendants $40.00 per witness per day for a total of $200.00, $25.00 less than the $225.00 requested.

## C. <u>Copy Costs</u>

Defendants seek copying costs for materials used in this case at a rate of $.19 per page for 9,389 pages, for a total of $1,783.91. [ECF No. 244, p. 7].

A party may recover fees "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The accompanying copy-counter printout identifies the client/matter for which the copies were made and Defendants assert that the copies were used for responding to Plaintiffs' discovery requests and for use at Plaintiffs' depositions. [ECF No. 244-1, pp. 23-31]. While Defendants have not specifically explained the need for, or use of,

11

each particular copy, such specific explanations are not required. *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1334 (S.D. Fla. 2012) (internal citations omitted).

The Undersigned finds Defendants' requested rate of $.19 per page to be excessive. Photocopying services in this district have been found to be "available for as low as $.07 per page and . . . the rate of $.10 per page is reasonable and comparable to the rates charged by outside print shops, and is an appropriate rate for recovery of photocopying costs." *Id*. Therefore, the Undersigned respectfully recommends that the District Court reduce the rate for these copies to $.10 per page, for a total of $938.90 for copying costs, $845.01 less than the $1,783.91 sought.

### D.  Deposition Transcript Costs

Defendants seek $5,520.25 in deposition transcript costs. Included in these costs are charges for court reporter attendance, interpreters, processing and handling, and delivery. [ECF Nos. 244, pp. 9-13; 244-1, pp. 32-40].

*1.  Recovery of Deposition Transcript Costs, Generally*

The cost of a deposition transcript itself is generally recoverable under 28 U.S.C. § 1920(2) as long as it was "necessarily obtained for use in the case." *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012); *see also E.E.O.C.*, 213 F.3d at 620. Depositions relied upon for summary judgment motions are generally taxable. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, No. 11-62594-CIV, 2013 WL 2929464, at *2 (S.D. Fla. June 12, 2013) (internal citation omitted). However, "where the deposition costs

were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *E.E.O.C.*, 213 F.3d at 620 (internal citations and quotations omitted).

Here, the deposition transcripts were used for summary judgment briefing and trial purposes, and were therefore necessarily obtained for use in the case. Nevertheless, Defendants are not entitled to *all* of the deposition costs they seek.

2.   *Processing and Handling and Delivery Charges*

Aside from the regular transcripts, the cost of processing and handling and delivery are generally not taxable, absent a showing that they were necessarily obtained for use in the case instead of for counsel's convenience. *Barrera*, 900 F. Supp. 2d at 1335 (holding that transcript delivery and processing fees are not taxable); *accord Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008).

Because Defendants have not made such a showing here, the following $34.00 in deposition-related charges should be denied: $16.50 for the handling of Juan Chaviano's deposition; and $17.50 for the delivery of Rakip's deposition. [ECF No. 244-1, pp. 33-34].

3.   *Interpreter Fees*

Defendants seek a total of $1,777.50 for interpreter fees. This $1,777.50 is comprised of the following: (1) a $680.00 interpreter fee for Rakip's deposition; (2) a $722.50 interpreter fee for Jeronimo's deposition; and (3) $85.00, $120.00, and $170.00 in

interpreter fees for the trial dates of 11/12/10, 11/30/10, and 12/2/2010. [ECF No. 244-1, pp. 35, 37, 38-40].

28 U.S.C. § 1920(6) provides for the taxing of costs for "compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." *Rodriguez*, 862 F. Supp. 2d at 1321 (recommending award for interpreter fees); *Garcia v. Caceda*, No. 10-23795-CIV, 2012 WL 4378100, at *5 (S.D. Fla. Sept. 25, 2012). As a result, the Undersigned recommends that the District Court award Defendants $1,777.50 for interpreter fees.

4. *Court Reporter Attendance Fees*

The majority of courts in this district and the appellate courts which have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2). *Bethel v. United States*, No. 11-22218-CIV-Graham/Goodman, ECF No. 63 (S.D. Fla. Sept. 10, 2012), *report and recommendation adopted*, No. 11-22218-CIV-Graham/Goodman, ECF No. 64 (S.D. Fla. Sept. 27, 2012).[7] Therefore, the Undersigned recommends that the District Court award Defendants

---

[7]     Citing *E.E.O.C.*, 213 F.3d at 620; *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002); *Santana v. RSCH Operations, LLC*, No. 10-61376-CIV, 2012 WL 37790113, at *6 (S.D. Fla. Aug. 31, 2012); *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012); *Martinez-Pinillos v. Air Flow Filters, Inc.*, No. 09-22453-CIV, 2010 WL 6121708, at *6 (S.D. Fla. Dec. 22, 2010) (explaining that the attendance or appearance fee is "strictly 'necessary'" if a court reporter charges a fee "which must be paid for the deposition to take place"); *Monelus*, 609 F. Supp. 2d at 1338.

$735.00 in court reporter attendance fees: $370.00 for Rakip's deposition [ECF No. 244-1, p. 34]; and $365.00 for Jeronimo's deposition [*Id.* at p. 36].

   *5. Conclusion*

In sum, the Undersigned recommends that the District Court award Defendants $5,486.25 in deposition transcript costs, $34.00 less than the $5,520.25 sought.

   **E.  Post-Trial and Appeal Costs**

Defendants seek $4,559.88 in costs for obtaining the trial transcripts for use in their appellate briefs and post-trial motions. [ECF Nos. 349; 350].

   Federal Rule of Appellate Procedure 39(e) provides in relevant part:

   (e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

   *        *        *

   (2) the reporter's transcript, if needed to determine the appeal;

   *        *        *

Consequently, under subpart (e)(2), the cost of trial transcripts used on appeal may be directly taxed in the district court. *Choice Hotels Int'l, Inc. v. Kaushik*, 203 F. Supp. 2d 1281, 1283-84 (M.D. Ala. 2002). The cost of trial transcripts used for post-trial motions are also recoverable. *Id.* at 1286 (citing 28 U.S.C. § 1920(2)).

After reviewing the record, the Undersigned finds that Defendants utilized the trial transcripts for use in their appellate briefs as well as various post-trial motions. *Id.*

(noting that Appellate Rule 39(e) should be construed as broadly as § 1920(2)). Accordingly, the Undersigned respectfully recommends that the District Court award Defendants the $4,559.88 they seek.

## IV.   RAKIP'S BANKRUPTCY

After Defendants filed their motion for costs, Rakip filed a suggestion of bankruptcy. [ECF No. 345]. As the Undersigned noted in his order allowing Defendants to file an amended bill of costs, 11 U.S.C. § 362 (the automatic stay provision in the bankruptcy code) does not apply to lawsuits initiated by the bankruptcy debtor. [ECF No. 347 (citing *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004))]. But the Undersigned also noted that the case law was not clear as to whether the automatic stay applied to Defendants' motion to tax costs against Rakip. Accordingly, the Undersigned requested supplemental briefing from the parties on this issue. [ECF No. 347]. Defendants filed a supplemental memorandum. [ECF No. 348].[8] Plaintiffs did not.

In *Crosby*, the Eleventh Circuit *in dicta* appeared to imply that the bankruptcy stay does not bar a motion for costs against a debtor in a debtor-initiated pre-bankruptcy lawsuit. *Crosby*, 394 F.3d at 1331 n.2. But within that same footnote, the

---

[8]     Defendants' supplemental memorandum does not significantly clarify the issue. Defendants argued that once Rakip filed for bankruptcy, he had no standing to seek a stay. [ECF No. 348, p. 1]. But that was not the question. The question was what was the effect of the *automatic stay* on this proceeding, not whether Rakip could seek a stay. In addition, Defendants' argument is incorrect if Rakip's bankruptcy is a Chapter 13 bankruptcy (and it is not clear if Rakip's bankruptcy is under Chapter 7 or 13). *Crosby*, 394 F.3d at 1331 n.2 (noting that under a chapter 13 bankruptcy, the debtor retains standing to pursue legal claims on behalf of the estate).

appellate court noted that the issue was moot. *Id.* Thus, the *Crosby* court did not directly address the issue. And the Undersigned cannot find any decision from the Eleventh Circuit directly addressing the issue.

Without any binding authority, the Undersigned turns to persuasive authority. The courts that have addressed the issue have found that motions for fees and costs against a debtor for his *pre-bankruptcy* litigation conduct are stayed. *See, e.g., Franklin Savs. Ass'n v. Office of Thrift Supervision*, 31 F.3d 1020, 1023 (10th Cir. 1994) (bankruptcy petition stayed defendant's bill of costs against debtor arising from debtor-initiated pre-bankruptcy lawsuit); *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 663 (D. Kan. 2005) (entering costs award but staying its enforcement as to defendants in bankruptcy); *In re Jordan*, No. BAP.CC-09-1401-JADUM, 2010 WL 6259987, at *1 n.3 (B.A.P. 9th Cir. June 29, 2010) (implying that bankruptcy stay bars a motion for costs against debtor in debtor-initiated pre-bankruptcy lawsuit).

The Undersigned finds these decisions persuasive and respectfully recommends that the District Court stay the entry of a costs award against Rakip for the time being.

Defendants can rest assured that this does not mean that Rakip is escaping liability for these costs. Rather, it means only that Defendants will be unable to *collect* their costs from Rakip until after the stay has been lifted.

V.      INTEREST

On May 21, 2013, the District Court entered a Third Amended Final Judgment, reinstating its December 10, 2010 Final Judgment, after the appellate court affirmed in part and reversed in part the District Court. [ECF Nos. 321; 325]. Defendants contend that interest on the forthcoming costs judgment should start accruing on the date of the District Court's Final Judgment (December 10, 2010), not the date of the Third Amended Final Judgment (May 21, 2013). [ECF No. 261, pp. 10-11].

"[T]he default rule when an appellate court reinstates a vacated judgment is that interest accrues from the date of the judgment on remand," unless the appellate court specifies otherwise. *DeLong Equip. Co. v. Washington Mills Electro Minerals Corp.*, 997 F.2d 1340, 1341 (11th Cir. 1993) (citing *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304 (1948)); *Leroy v. City of Houston*, 906 F.2d 1068, 1074 (5th Cir. 1990) (internal citations omitted); *see also* Fed. R. App. P. 37. This same rule applies to interest on fee and costs awards. *See Saglimbene v. Venture Indus. Corp.*, 739 F. Supp. 1100, 1101-02 (E.D. Mich. 1990).

Here, the appellate court reinstated the original judgment (i.e., the Final Judgment). [ECF No. 321]. But the appellate court did not specify the date of when interest would began to accrue. [*Id.*]. Nor did Defendants request that the appellate court amend its mandate to allow interest to run from the date of the original judgment. *See, e.g., DeLong Equip. Co.*, 997 F.2d at 1341. As such, any post-judgment interest, including the interest on any costs judgment, begins to accrue on May 21, 2013, the date

18

of the District Court's Third Amended Final Judgment. *See Leroy*, 906 F.2d at 1074; *BankAtlantic*, 12 F.3d at 1052.

## VI.    JOINT AND SEVERAL LIABILITY

"The presumptive rule is joint and several liability is applied to costs . . . ." *Palma v. Safe Hurricane Shutters, Inc.*, 895 F. Supp. 2d 1268, 1274 (S.D. Fla. 2012) (internal citations omitted); *accord Lamonica v. Safe Hurricane Shutters*, No. 07-61295-CIV, 2009 WL 806587 (S.D. Fla. Mar. 19, 2009). Here, neither Rakip nor Jeronimo have requested that the costs be apportioned among them on a *pro rata* or other equitable basis. Accordingly, the Undersigned respectfully recommends that Plaintiffs be jointly and severally liable for the costs judgment. But because the entry of the costs judgment is being stayed as to Rakip due to his bankruptcy, the Undersigned respectfully recommends that the District Court enter a costs judgment against Jeronimo now and then enter an amended costs judgment against both Plaintiffs upon the conclusion or lifting of Rakip's bankruptcy stay.

## VII.    CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court: (1) grant in part and deny in part Defendants' motion for costs and award Defendants $11,925.03 in costs, to bear interest from the date of the Third Amended Final Judgment, May 21, 2013 [ECF No. 325]; (2) enter a costs judgment of $11,925.03 against Jeronimo; (3) stay the entry of a costs judgment against Rakip

because of his pending bankruptcy; and (4) upon the lifting of Rakip's bankruptcy stay, enter an amended costs judgment for $11,925.03 against Rakip *and* Jeronimo that provides for joint and several liability.

## VIII.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have **14** days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within **14** days of the objection. Failure to timely file objections shall bar the parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied,* 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED,** in Chambers, in Miami, Florida, January 2, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record