UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20004-CIV-COOKE/GOODMAN

WILLIAM RAKIP,

   Plaintiff/Counter-Defendant,

and

CESAR JERONIMO,

   Plaintiff,

vs.

PARADISE AWNINGS
CORPORATION, et al.,

   Defendants/Counter-Plaintiffs.

_____/

## ORDER ON DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR SANCTIONS

This Cause is before the Undersigned on Defendants/Counter-Plaintiffs Paradise

Awnings Corporation ("Paradise Awnings"), Manual Alcibar, and Juan Carlos

Chaviano's (collectively "Defendants") Motion for Sanctions and Attorney's Fees

against Plaintiff/Counter-Defendant William Rakip ("Rakip"), Plaintiff Cesar Jeronimo

("Jeronimo") (collectively "Plaintiffs"), and Plaintiffs' counsel. [ECF No. 333]. The

District Court referred Defendants' motion to the Undersigned. [ECF No. 334].[1] The

Undersigned has reviewed Defendants' motion, Plaintiffs' response in opposition [ECF

---

[1]    This matter was referred to the Undersigned following the Order of Recusal and
Reassignment of this matter from Magistrate Judge William C. Turnoff. [ECF No. 340].

No. 337], Defendants' reply [ECF No. 344], and the other relevant portions of the record.

For the reasons set out below, the Undersigned **denies** Defendants' motion.[2]

## I.    BACKGROUND

This case has a long and tortured history. The Undersigned will endeavor here to provide a general background of this case and Defendants' motion. Additional relevant facts will be discussed in the Analysis portion of this Order.

### A.  General Factual Overview

Plaintiffs filed this action alleging unpaid overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA"). [ECF No. 32]. Defendants answered and filed a counterclaim against Rakip for civil theft. [ECF No. 36].

The District Court initially denied Defendants' summary judgment motion on Rakip's FLSA claims. [ECF No. 188]. During trial, however, the District Court reconsidered its prior ruling and granted Defendants summary judgment on Rakip's FLSA claims. [ECF No. 250, pp. 113-15]. Near the end of the trial, the District Court allowed Defendants to conform their pleadings to the evidence and convert their civil theft counterclaim to a breach of contract counterclaim. [ECF No. 254, pp. 199-200].

The jury returned a verdict in Defendants' favor on both Jeronimo's remaining FLSA claim and Defendants' breach of contract counterclaim against Rakip. The jury

---

[2]    A United States Magistrate Judge has the authority to enter an order denying sanctions (as opposed to a report and recommendations). *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 683 n.2 (S.D. Fla. 2012) (internal citations omitted).

awarded Defendants $1,320.00 on their counterclaim. [ECF No. 233]. On December 10, 2010, the District Court entered Final Judgment for Defendants on all claims, including their breach of contract counterclaim against Rakip. [ECF No. 236].

That same day (December 10, 2010), Plaintiffs moved to correct the Final Judgment because they contended they prevailed on Defendants' civil theft counterclaim against Rakip because it was conformed to a breach of contract claim. [ECF No. 237]. Defendants opposed the requested relief. [ECF No. 238]. On December 21, 2010, the District Court entered an Amended Final Judgment. [ECF No. 240]. The Amended Final Judgment reflects that, while Defendants prevailed on all claims, including the breach of contract counterclaim, Rakip received judgment as a matter of law on Defendants' civil theft counterclaim. [*Id.*].

Defendants and Plaintiffs then filed motions to amend the Amended Final Judgment. [ECF Nos. 241; 242]. On November 30, 2011, the District Court granted in part and denied in part the respective motions to amend the Amended Final Judgment. [ECF No. 287]. Shortly thereafter, the District Court entered a Second Amended Final Judgment. [ECF No. 300]. Rakip and Defendants then appealed, among other things, the District Court's order amending the Amended Final Judgment. [ECF Nos. 294; 302].

On appeal, the appellate court affirmed in part and reversed in part the District Court. [ECF No. 321]. In short, the appellate court ruled against Rakip and in favor of Defendants and **reinstated the original Final Judgment**. [*Id.*]. Following this appellate

3

ruling, the District Court then entered a Third Amended Final Judgment on May 21, 2013. [ECF No. 325]. The Third Amended Final Judgment vacated the Amended Final Judgment and the Second Amended Final Judgment and reinstated the Final Judgment. [*Id.*]. Rakip then filed a suggestion of bankruptcy. [ECF No. 345].

B. **The Instant Motion**

Defendants are seeking sanctions under 28 U.S.C. § 1927 against Plaintiffs' counsel and sanctions against Plaintiffs under the court's inherent power. [ECF No. 333]. In particular, Defendants assert the following conduct warrants sanctions: (1) Rakip and his counsel knew that Rakip's FLSA claims had been settled in a prior worker's compensation suit with Paradise Awnings, but continued aggressively litigating Rakip's claims anyway [*Id.* at pp. 2-5, 7]; (2) Plaintiffs' counsel and Jeronimo refused to settle Jeronimo's FLSA claim at the same time Jeronimo settled his worker's compensation claim [*Id.* at pp. 5-7]; and (3) the argument, urged by Plaintiffs' counsel and Rakip, that Defendants had released their breach of contract counterclaim by virtue of the settlement agreement with Paradise Awnings. [*Id.* at pp. 6-7].

In response, Plaintiffs and their counsel dispute all of Defendants' assertions and assert that they had a good-faith basis to take the legal and factual positions they did. [ECF No. 337]. They also assert that Defendants' motion for sanctions is untimely.

Defendants submitted a ten-page, one-paragraph reply. [ECF No. 344]. In it, they reassert the same grounds in their motion and also argue that their motion was timely.

## II.  APPLICABLE LEGAL PRINCIPLES

### A.  Sanctions Under 28 U.S.C. § 1927

28 U.S.C. § 1927 "is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Rather, to impose sanctions under § 1927, a court must find the following: (1) the attorney engaged in unreasonable and vexatious conduct; (2) that conduct multiplied the proceedings; and (3) the dollar amount of the sanction bears a financial nexus to the excess proceedings, i.e., the sanctions may not exceed the expenses and fees reasonably incurred because of the conduct. *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (internal citation omitted). "[T]he provisions of § 1927, being penal in nature, must be strictly construed." *Peterson*, 124 F.3d at 1395 (internal citations omitted).

Bad faith is the touchstone for the imposition of sanctions under § 1927 and it is measured by the attorney's objective conduct. *Amlong & Amlong v. Denny's, Inc.*, 500 F.3d 1230, 1239-40 (11th Cir. 2007). An attorney litigates in bad faith when he knowingly or recklessly pursues a frivolous claim, delaying its dismissal by unreasonably and vexatiously multiplying the proceedings. *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). The claim must be more than merely lacking in merit; it must be without a plausible legal or factual basis and lacking in justification. *Id.; Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1348 (S.D. Fla. 2009). Claims are frivolous where

they are: (1) groundless and baseless and predicated upon untruthful, outrageous, scandalous, and slanderous allegations; (2) based upon false and unsupported allegations; or (3) unsupported by any evidence at all or having no reasonable basis in fact. *Robinson,* 643 F. Supp. 2d at 1348 (internal citations omitted).

Finally, § 1927 sanctions can only be imposed against attorneys or persons admitted to conduct cases in a court of law, not non-attorney parties. *See Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir. 1991).

## B.  Sanctions Under the Court's Inherent Power

A court may impose sanctions for litigation misconduct under its inherent power. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-44 (1991). A court's inherent power derives from its need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43 (internal citations and quotations omitted). This inherent power to impose sanctions, however, "must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

Like § 1927, the "key to unlocking a court's inherent power [to impose sanctions] is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)). When considering sanctions under "the court's inherent power, the threshold of bad faith conduct is **at least as high** as the threshold of bad faith conduct for sanctions under 28 U.S.C. § 1927." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (internal citations and quotations omitted) (emphasis

added). Unlike § 1927 sanctions, however, sanctions under the court's inherent power

may be imposed against a party and/or its counsel. *In re Mroz,* 65 F.3d at 1576.

III.   **ANALYSIS**

Defendants are seeking sanctions against Plaintiffs' counsel under § 1927 and

against Rakip and Jeronimo under the court's inherent power.

A.  **Was Defendants' Motion Timely Filed?**

Plaintiffs assert that as to Rakip's release of his FLSA claims, Defendants' motion

is untimely under Local Rule 7.3(a) because it was not filed within 60 days of the

District Court's ruling on the issue at trial. [ECF No. 337, p. 6]. Defendants contend that

they timely filed the motion after the entry of the Third Amended Final Judgment. [ECF

No. 344, p. 6]. The Undersigned need not decide this issue because, regardless of

whether the motion was timely filed, the Undersigned is denying it on the merits.

B.  **Sanctions for Rakip's FLSA Claims**

1.  *Relevant Background*

At around the same time that Rakip filed this FLSA lawsuit in January 2010, he

was also pursuing a worker's compensation claim against Paradise Awnings. In

February 2010, Rakip, with the advice of counsel, executed a settlement agreement with

Paradise Awnings to settle his worker's compensation claim (the "Settlement

Agreement"). [ECF Nos. 55-4; 55-6; 188, p. 3]. In August 2010, Defendants moved for

summary judgment, arguing Rakip released his FLSA and worker's compensation

claims under the Settlement Agreement in exchange for $7,000. [ECF No. 55, p. 2]. In the alternative, Defendants moved to approve the Settlement Agreement as to Rakip's FLSA claims. [*Id.*]. The District Court denied the motion because Defendants contended that Rakip received $7,000, but the language of the Settlement Agreement stated that Rakip received $100. [ECF Nos. 55-6; 188].

On the first day of trial, however, the District Court conducted an evidentiary hearing regarding whether Rakip released his FLSA claims under the Settlement Agreement. [ECF No. 250]. The District Court approved the settlement after finding that Rakip had settled his FLSA claims in the Settlement Agreement. Consequently, the District Court reconsidered its prior ruling and granted Defendants summary judgment on Rakip's FLSA claims. [ECF No. 250, pp. 113-15].

Defendants now contend that Rakip and his counsel should be sanctioned because they knew all along that Rakip had settled his FLSA claims in February 2010, but nevertheless kept on pursuing his FLSA claims. [ECF No. 333, p. 3]. Rakip and his counsel argue that their reading of the Settlement Agreement was that the $7,000 was for medical expenses relating to Rakip's worker's compensation claim, not for his FLSA claims. [ECF No. 337, p. 4]. They also argue that the Settlement Agreement was by itself insufficient to release Rakip's FLSA claims because it had not been approved by the District Court, as required.

2. *Discussion*

The underlying basis of Defendants' sanctions argument is that the Settlement Agreement was clear that Rakip had released his FLSA claims and that Rakip and his counsel knew that he had done so but continued to litigate Rakip's FLSA claims anyway. The record, however, does not support Defendants' argument.

First, the Settlement Agreement is not as clear as Defendants portray it to be. As the District Court made clear in denying Defendants summary judgment motion, on its face the Settlement Agreement [ECF No. 55-6] is ambiguous as to whether Rakip released his FLSA claims. [ECF No. 188, p. 3]. Indeed, it was only after the District Court received extensive testimony that it was able to determine that the Settlement Agreement released Rakip's FLSA claims and was able to approve the settlement. [ECF No. 250, pp. 113-15]. And even then, the District Court lamented the fact that *it required* an evidentiary hearing to determine such a basic issue. [*Id.* at pp. 114:24-115:5].

Second, Defendants complain much about the fees and expenses incurred in litigating this purportedly clear issue. But the record reveals that they are in part to blame for this. For instance, despite Defendants' contentions that the Settlement Agreement (executed in February 2010) was clear that Rakip had released his FLSA claims, Defendants did not move for summary judgment on this issue or for approval of the Settlement Agreement until August 2010 -- six months later. [ECF Nos. 55; 55-6]. In

those six months, Defendants and Plaintiffs aggressively litigated this case with numerous discovery motions. [*See* ECF Nos. 38; 39; 40; 43; 46].

The fact that Rakip ultimately did not prevail on his argument that he had not released his FLSA claims does not automatically mean that he and his counsel should be sanctioned. As the Eleventh Circuit has pointed out, "[s]omething more than a lack of merit is required for § 1927 sanctions or they would be due in every case." *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001), *amended on reh'g,* 311 F.3d 1077 (11th Cir. 2002). Here, it took a multi-hour evidentiary hearing to determine that the Settlement Agreement released Rakip's FLSA claims. As such, the Undersigned does not find that Rakip or his counsel vexatiously multiplied the proceedings by continuing to litigate Rakip's FLSA claims where it was ambiguous as to whether he had released his FLSA claims. Consequently, the Undersigned denies Defendants' request for sanctions against Rakip or his counsel on this basis.

### C. Sanctions for Jeronimo's Claims

#### 1. *Relevant Background*

Jeronimo originally had two FLSA claims, overtime wages and minimum wage. [ECF No. 32]. On August 17, 2010, Jeronimo moved to dismiss his minimum wage claim. [ECF No. 67]. Defendants objected to the dismissal. [ECF No. 94]. Defendants first argued that the District Court should condition the dismissal with an award of attorney's fees against Jeronimo and his counsel. [*Id.* at pp. 2-3]. But the bulk of

Defendants' response was for the **imposition of sanctions under § 1927** against Jeronimo's counsel for pursuing the minimum wage claim. [*Id.* at pp. 4-10]. The District Court denied Defendants' request to condition Jeronimo's dismissal on the payment of attorney's fees and **also denied the § 1927 sanctions request**. [ECF No. 177, pp. 2-3].

Defendants now argue that Jeronimo and his counsel should be sanctioned because they did not release his FLSA claims when Jeronimo settled his worker's compensation claim and because they pursued a frivolous claim. [ECF No. 333, pp. 5-7].

Jeronimo and his counsel contend that they offered to settle for $1,000 in August 2010 and to have the Court determine attorney's fees and costs, but Defendants refused. [ECF No. 337, p. 6]. They also contend that the non-frivolous nature of Jeronimo's claim is evidenced by the District Court's denial of both Defendants' summary judgment motion and Rule 50 motion at trial. [*Id.*].

In their reply, Defendants argue that Jeronimo's offer to settle for $1,000 was too late because by then Jeronimo's counsel had churned the file, thereby creating an unreasonable amount of attorney's fees costs. [ECF No. 344, pp. 2, 7].

2. *Discussion*

As a threshold matter, the Undersigned finds that Defendants are, in part, attempting to take another bite at the apple in seeking sanctions against Jeronimo's counsel. As noted above, when Jeronimo moved to dismiss his minimum wage claim,

Defendants sought sanctions against Jeronimo's counsel for purportedly churning the

litigation file. [ECF No. 94, pp. 4-10]. The District Court denied that request and stated:

> I do not find that the Plaintiff's attorney unreasonably and vexatiously
> multiplied the proceedings with respect to the Mr. Jeronimo's minimum
> wage claim. To the contrary, once the discovery revealing that the Mr.
> Jeronimo's minimum wage claim was unsupportable, his attorney
> promptly sought to dismiss the claim. From the record, it seems as if the
> only thing that has extended the resolution of this issue is the Defendants
> unwillingness to agree to dismissal of this claim absent an order of
> sanctions under 28 U.S.C. § 1927.

[ECF No. 177, p. 2]. Defendants never appealed the District Court's ruling or sought

reconsideration.

Defendants are now moving for sanctions against Jeronimo's counsel's conduct

for, again, purportedly churning the file. This time, however, Defendants attempt to

seek sanctions for counsel's churning the file relating to the *overtime wage claim*. Inherent

in Defendants' argument is that somehow Jeronimo's counsel's churning of the file on

Jeronimo's minimum wage claim is separate and distinct from the churning related to

the overtime wage claim. The Undersigned is not persuaded by that proposition.

For instance, much of the conduct Defendants complain about occurred before

Jeronimo moved to dismiss his minimum wage claim in August 2010. Therefore, it is

difficult to logically separate counsel's work relating to the minimum wage claim as

separate and distinct from counsel's work regarding the overtime claim. And

Defendants have not even attempted to make such a showing. Likewise, it is difficult to

tell if Jeronimo, in stating the amount of his claim at his deposition, was referring only

to the overtime claim or both the minimum wage and overtime claim. [ECF No. 55-5, p. 38]. Thus, to a large extent, Defendants are seeking to revisit the same conduct by Jeronimo's counsel that the District Court already found did not warrant sanctions. The Undersigned will not issue a ruling based on a reconsideration of the District Court's factual findings and finds that Defendants' motion can be denied on this basis alone. Nevertheless, in an abundance of caution, the Undersigned will examine the merits of Defendants' sanctions motion against Jeronimo and his counsel.

Defendants' request for sanctions against Jeronimo and his counsel can be separated into two parts. First, Defendants assert that Jeronimo and his counsel were pursuing a frivolous claim. Second, Defendants contend that Jeronimo's counsel's advice to Jeronimo to not settle his FLSA claim when he was settling his worker's compensation claim is sanctionable.

Concerning the merits of this lawsuit, the crux of Defendants' argument on Jeronimo's FLSA overtime claim was that he was exempt under the FLSA's executive exemption. But it is difficult to see how Jeronimo and his counsel's pursuit of this overtime claim was **frivolous** when the District Court denied Defendants' summary judgment motion on this issue and also later denied their Rule 50 motion at trial. [ECF Nos. 188, pp. 6-7; 254, p. 26]. In both cases, the District Court noted that there were genuine issues of material fact concerning the claimed exemption. [*Id.*].

To be sure, surviving a summary judgment motion or a Rule 50 motion is not necessarily dispositive of whether a party or its counsel should be sanctioned for pursuing a meritless claim. Nevertheless, the Undersigned finds that neither Jeronimo nor his counsel should be sanctioned here for pursuing a claim which survived summary judgment and a Rule 50 motion. *See E.E.O.C. v. Tandem Computers Inc.*, 158 F.R.D. 224, 229 (D. Mass. 1994) (denying motion to sanction EEOC on claim it ultimately lost on where EEOC's claim survived summary judgment and two Rule 50 motions).

Likewise, the Undersigned does not find that Jeronimo or his counsel should be sanctioned for refusing to settle his FLSA claims when he settled his worker's compensation claim. Defendants have cited to no authority that a refusal to settle a claim is *per se* sanctionable. More importantly, Defendants omit the fact that Jeronimo and his counsel *did* offer to settle his FLSA claims for $1,000, exclusive of attorney's fees and costs, in August 2010. Defendants contend that this settlement offer was meaningless because Jeronimo's counsel had incurred a large amount of attorney's fees by this point. But as the District Court found, that was in large part due to Defendants' litigation tactics. [ECF Nos. 177, p. 2; 250, p. 100]. Defendants cannot "litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Copeland v. Marshall,* 641 F.2d 880, 904 (D.C. Cir. 1980).

14

**D.  Sanctions for Rakip's Release of Defendants' Counterclaims**

Defendants contend that Rakip and his counsel's argument that the release in the

Settlement Agreement released Defendants' counterclaim against him was frivolous

and they both should therefore be sanctioned. [ECF No. 333, pp. 6-7].

While Rakip's argument was ultimately unsuccessful, the Undersigned finds that

it does not warrant the imposition of sanctions. The Undersigned is persuaded by the

fact that on appeal the Eleventh Circuit did not find that Rakip's argument was

frivolous. Rather, the appellate court simply noted that Rakip had waived this

argument because he had not asserted release as an affirmative defense. [ECF No. 321,

pp. 8-9]. The Undersigned also notes that the issue of Defendants' civil theft/breach of

contract counterclaim was the subject of much confusion during trial and post-trial and

resulted in the entry of ultimately four judgments. *See supra* pp. 3-4. While Rakip's

argument was ultimately found to lack merit, "[s]omething more than a lack of merit is

required for § 1927 sanctions or they would be due in every case." *McMahan*, 256 F.3d at

1129.

In light of the appellate court's opinion on this issue and the overall confusion

regarding Defendants' counterclaim, the Undersigned finds that this "[s]omething

more" is not present here. Accordingly, the Undersigned denies Defendants' request for

sanctions against Rakip and his counsel on this basis.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Sanctions is **denied**.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, February 18, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE


**<u>Copies furnished to</u>:**
The Honorable Marcia G. Cooke
All Counsel of Record